Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JUAN W. HOWE HERNÁNDEZ Y OTROS<br><br>Peticionarios<br><br>v.<br><br>NOEMÍ BELTRÁN SOTO Y OTROS<br><br>Recurridos | KLCE202301467 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2021CV00972 (Salón 604)<br><br>Sobre: Daños y Otros |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de febrero de 2024.

Los Peticionarios solicitan la revocación de una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 19 de octubre de 2023. En el referido dictamen, el foro recurrido desestimó la demanda por falta de jurisdicción por entender que la Ley de Condominios de Puerto Rico, *infra*, otorgaba jurisdicción primaria y exclusiva al Departamento de Asuntos del Consumidor (DACo). Por los fundamentos expuestos a continuación, *denegamos* la expedición del auto de *certiorari*.

Según surge del expediente, como consecuencia de los temblores que afectaron el área sur de Puerto Rico para finales del 2019 y principios del 2020, el Condominio Estancias de Aragón de Ponce sufrió daños estructurales que resultaron en el desalojo forzoso del edificio. Ante esto, los Peticionarios cesaron el pago de las cuotas de

mantenimiento, derramas y seguros, por estar privados del uso y disfrute de sus propiedades. Como resultado, fueron excluidos de las asambleas y reuniones organizadas por la Junta de Directores del Condominio (Junta), y de las decisiones tomadas en estas.

El 27 de abril de 2021, los Peticionarios presentaron una demanda sobre interdicto preliminar y permanente, sentencia declaratoria y daños y perjuicios contra la Junta y sus miembros. En esta, impugnaron las acciones de la Junta de excluirlos de los asuntos relacionados a la administración del condominio. Luego de varios tramites procesales, los miembros de la Junta sometieron una moción de desestimación por falta de jurisdicción, y el 23 de octubre de 2023 el foro inferior notificó la desestimación sin perjuicio de la demanda. El foro recurrido concluyó que no procedía la reclamación pues la Ley de Condominios de Puerto Rico, *infra*, establece que el DACo tendrá jurisdicción primaria y exclusiva cuando se impugnen las actuaciones de juntas de directores de condominios y, por tanto, no estaba ante un supuesto de jurisdicción concurrente en el que tanto el foro judicial como el administrativo podrían entrar en los méritos de la controversia. Se solicitó reconsideración el 6 de noviembre de 2023, la cual fue declarada no ha lugar el 1 de diciembre de 2023. Inconforme, el Peticionario recurre ante nos solicitando la revocación de la sentencia y que otorguemos los remedios solicitados.

En lo atinente al auto de *certiorari*, es sabido que es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos de conformidad a los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. En tal sentido, la función de

un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *Zorniak v. Cessna*, 132 DPR 170 (1992); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con respecto a la Ley de Condominios de Puerto Rico, 31 LPRA § 1921 *et seq*, el referido estatuto le confirió al DACo jurisdicción para atender acciones de impugnación de actuaciones u omisiones de la Junta de Directores, y de los acuerdos y determinaciones de los consejos de titulares, relacionadas con la administración de condominios que comprendan por lo menos un apartamento de uso residencial. En específico, el artículo 65 de la ley establece que dicha jurisdicción será primaria y exclusiva del DACo. 31 LPRA § 1923j. Por ello, el foro judicial está vedado de atender controversias de dicha naturaleza.

Luego de examinado el expediente y la correspondiente determinación del Tribunal de Primera Instancia, resolvemos que el caso ante nuestra consideración no permite inferir que la actuación del foro recurrido fue irrazonable, imparcial o discrecionalmente excesiva. Es decir, la determinación jurisdiccional en cuestión, que difiere la atención del caso a DACo, no resulta arbitraria a la luz del derecho que confiere a tal agencia la autoridad primaria y exclusiva sobre la controversia aquí en cuestión. Por consiguiente, a la luz del derecho aplicable, no se encuentran presentes condiciones que ameriten

intervenir con el dictamen recurrido, por lo cual denegamos la petición de *certiorari* presentada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Álvarez Esnard concurre sin voto escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones